IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> DIANE KATZ, <br><br> Defendant, | 2:23-CV-00912-MJH |

**OPINION AND ORDER**

On May 31, 2023, Plaintiff, State Farm Fire & Casualty Company, brought the within action against Defendant, Diane Katz, for negligent maintenance of a tree on a property known as 1 Hydin Road. Said tree allegedly fell and caused damages to the neighboring property of State Farm's subrogors. (ECF No. 1). On September 5, 2023, Diane Katz filed an Answer denying that she either resided or owned the property at 1 Hydin Road. (ECF No. 7 at ¶ 5). Diane Katz further asserted that 1 Hydin Road is owned by the Hydin Road Trust and that its only resident and possessor is Danielle Katz. *Id*.

State Farm now moves for leave to amend its Complaint pursuant to Fed. R. Civ. P. 15(a)(2) to join the parties that owned and resided at 1 Hydin Road. (ECF No. 18). Upon consideration of State Farm's Motion (ECF No. 18), Ms. Katz's Response in Opposition (ECF No. 20), and for the following reasons, State Farm's Motion for Leave to Amend will be granted.

I.   Discussion

Diane Katz argues that, because the addition of the Hydin Road Trust in the proposed Amended Complaint would lie outside the Pennsylvania statute of limitations period of two years, State Farm's motion should be denied. Diane Katz further contends that, to overcome the statute of limitations, State Farm must show its proposed Amended Complaint "relates back" under Fed. R. Civ. P. 15(c) and that it

has failed to so demonstrate. State Farm maintains that the interests of justice support the joinder of additional parties where it learned of such parties from Diane Katz's Answer.

"Generally, Rule 15 motions should be granted," *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016), and such motions "should be granted 'when justice so requires.'" *CMR D.N. Corp & Marina Towers Ltd. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013) (quoting Fed. R. Civ. P. 15(a)(2)). Under subsection (c) of Rule 15, an amendment arising out of the same conduct as that alleged in the original complaint will normally "relate back" to the complaint for statute of limitations purposes. *See* Fed. R. Civ. P. 15(c). Combined, these provisions ensure that an inadvertent error in pleading will not preclude a party from securing relief on the merits of a claim. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Amendment to change the party or the naming of the party to "relate back" under Rule 15(c) is permitted when the law that provides the applicable statute of limitations allows relation back, the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out in the original pleadings, and, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. See Fed. R. Civ. P. 15(c)(1)(A)-(C). Notice can be imputed to a party either under the shared attorney or identity of interest methods. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 196 (3d Cir. 2001).

Here, under the liberal policy regarding amendments, the Court will grant State Farm's motion based upon familial connections of Diane Katz, Danielle Katz, and the Haydin Road Trust's and a plausible "identity of interest." Further, the Court also observes the possibility of a shared attorney between Diane Katz and the Haydin Road Trust. Therefore, at this stage of the proceedings, the Court will permit amendment, without prejudice for Defendants to raise a statute of limitations defense once the pertinent facts are developed for a relation back analysis and/or potential imputed notice.

II.     Conclusion

Accordingly, for the foregoing reasons, State Farm's Motion to Amend is granted. State Farm shall file its proposed Amended Complaint (ECF No. 18-1) on or before January 2, 2024 and effectuate service pursuant to the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:  December 21, 2023.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge