IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> DIANE KATZ, DANIELLE KATZ, and HYDIN ROAD TRUST <br><br> Defendant, | 2:23-CV-00912-MJH |

OPINION AND ORDER

Plaintiff, State Farm Fire & Casualty Company, brings the within subrogation action, for property damage sustained by its insureds, against Defendants, Diane Katz, Danielle Katz, and Hydin Road Trust. (ECF No. 37). Defendant, Danielle Katz (Danielle), now moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5), and 12(b)(6), or in the alternative, to strike pursuant to Fed. R. Civ. P. 12(f). (ECF No. 40). The matter is now ripe for decision.

Upon consideration of State Farm's Second Amended Complaint (ECF No. 37), Danielle's Motion to Dismiss (ECF No. 40), the respective briefs (ECF Nos. 41, 44, and 45), and for the following reasons, Danielle's Motion to Dismiss and Motion to Strike will each be denied.

I. Background

A. Factual Background

State Farm insured the residential property at 5435 Pocussett Street in Pittsburgh, Pennsylvania ("subject property"). (ECF No. 37 at ¶ 3). State Farm alleges that Defendant, Diane Katz ("Diane"), was, at all relevant times, a Grantor of the residential property located at 1 Hydin Road in Pittsburgh, PA ("origin property"). *Id*. at ¶ 5. State Farm avers that Defendant,

Hydin Road Trust ("Trust"), owned the origin property, and Defendant, Danielle Katz ("Danielle"), Diane's granddaughter, resided at the origin property during the relevant time period.  *Id*. at ¶ 6 and 7.   State Farm alleges that Diane, Danielle, and the Trust allowed a proliferation of vegetation and/or trees on and surrounding the origin property. *Id*. at 8.  Around September 9, 2019, Danielle allegedly started residing at the origin property, and allegedly exercised control over the origin property, including by clearing brush, cleaning the swimming pool, and rebuilding the fence. *Id*. at 11.

State Farm avers that, on or before December 5th of either 2019 or 2020, a tree fell from the origin property and caused damage to the property of neighbors, Poholek and Hand. *Id*. at ¶ 13. On or about June 13, 2021, a tree on the origin property ("the tree") allegedly fell onto the subject property next door, causing damages.  *Id*. at ¶ 18.  State Farm alleges that Diane, Danielle, and Trust had notice of the tree's dangerous condition before it fell, but failed to protect their neighbors and others – including State Farm's subrogors – from the tree's lack of structural integrity and/or rotting and decaying condition, and ultimately from the foreseeable harm. *Id*. at ¶ 19.

      B.  Procedural Background

On May 31, 2023, State Farm filed the within lawsuit against Diane Katz.  (ECF No. 1). On September 5, 2023, Diane filed her Answer (ECF No. 7), denying that she either owned the origin property or resided at the same during the relevant time period.  Diane asserted that the origin property was owned by the Hydin Road Trust.  *Id*. at ¶ 5.  On November 17, 2023, State Farm moved for leave to file an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2), to add Danielle Katz and Hydin Road Trust as named Defendants.  (ECF No. 18).  Diane opposed the motion and argued that the proposed Amended Complaint, which added the two defendants,

would lie outside the Pennsylvania statute of limitations period two years. (ECF No. 20). In its December 21, 2023 Opinion and Order, this Court permitted the amendment "based upon familial connections of Diane Katz, Danielle Katz, and the Haydin Road Trust's and a plausible 'identity of interest.'" (ECF No. 21). The Court further concluded, "at this stage of the proceedings, the Court will permit amendment, without prejudice for Defendants to raise a statute of limitations defense once the pertinent facts are developed for a relation back analysis and/or potential imputed notice." *Id*.

On December 21, 2023, State Farm filed its Amended Complaint. (ECF No. 22). Diane answered on January 2, 2024, and filed a crossclaim against Danielle and the Hydin Road Trust. (ECF No. 24). On May 6, 2024, the Court issued a show cause order, because Danielle had not been served with the Amended Complaint. (ECF No. 25). On May 9, 2024, State Farm filed an Affidavit of Service purporting to and having served Danielle. (ECF No. 28). On May 10, 2024, the Court struck the Affidavit, because it did "not reflect that [Danielle] was served personally or that the subject address that she was at 'sometimes' was her 'dwelling or usual place of abode.'" (ECF No. 29). On June 6, 2024, State Farm filed an Affidavit of Service, reflecting that, on June 3, 2024, a concierge was served at an address purporting to be the New York residence of Diane Katz. (ECF No. 32). Said Affidavit also reflected that the Summons and Amended Complaint were also sent to the New York residence via U.S. Mail. *Id*. State Farm also filed an Affidavit of Non-Service (ECF No. 33), wherein a process server purported to have encountered a gentleman at 15 Woodbrook Drive on May 29, 2024, and that gentlemen indicated that Danielle did not live there, she only visited sporadically, and he had given the service documents to Danielle three weeks prior.

On July 15, 2024, State Farm filed a Second Amended Complaint. (ECF No. 37). Danielle Katz has moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that State Farm has failed to allege 1) any defect in the subject tree that could have been reasonably discovered, 2) that Danielle had any knowledge of said defect, 3) that Danielle had any ownership interest in the property, or 4) that she exercised any control over the trees on the property. The parties resolved these arguments via stipulation. (ECF No. 42). Danielle has also moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(5) and 12(b)(2) on the basis that State Farm has failed to provide sufficient service on Danielle; thus depriving this Court of personal jurisdiction over her. Further, Danielle maintains that State Farm's failure to effectuate timely and sufficient service prior to the expiration of the statute of limitation should bar State Farm's claims against her.

In the alternative, pursuant to Fed. R. Civ. P. 12(f), Danielle moves to strike paragraphs 12 through 20 of the Second Amended Complaint and Exhibits A and B.

II.     Relevant Standards

Danielle Katz's arguments, as regards service and the statute of limitations, are best considered under Rules 12(b)(5) and 12(b)(6), not 12(b)(2); thus, the Court will analyze the present Motion accordingly. S*ee, e.g., Est. of Ginzburg by Ermey v. Electrolux Home Prod., Inc.*, 783 F. App'x 159, 162 (3d Cir. 2019) (faced with similar arguments, defendant's motion to dismiss was considered and decided "pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), for insufficiency of service of process, and for failing to state a claim upon which relief can be granted based on the running of the applicable statutes of limitations, respectively").

A.     Federal Rule of Civil Procedure 12(b)(5)

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss when a plaintiff fails to effectuate proper service. Fed. R. Civ. P. 12(b)(5). "In resolving a motion under Rule 12(b)(5), the party making service has the burden of demonstrating its validity when an objection to service is made." *Martin v. OSHA*, 2017 WL 1326212, at *2 (E.D. Pa. Apr. 11, 2017).

B.     Federal Rule of Civil Procedure 12(b)(6)

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, ... a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but ... disregard[ ] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

A complaint is subject to 12(b)(6) dismissal on statute of limitations grounds only when the statute of limitations bar is apparent on the face of the complaint. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (In the Third Circuit, a limitations defense may be raised by a motion under Rule 12(b)(6) "only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.' ") (quoting R*obinson v. Johnson*, 313 F.3d 128, 134–35 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)).

C. Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief." *Del. Health Care Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1292 (D. Del. 1995). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Cech v. Crescent Hills Coal Co.*, No. 96-cv-02185, 2002 WL 31002883, at *28 (W.D. Pa. July 15, 2002). "A 'scandalous' matter or pleading is one that casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court." *Carone v. Whalen*, 121 F.R.D. 231, 232 (M.D. Pa. 1988).

While courts are specifically empowered with the ability to invoke Rule 12(f) *sua sponte*, striking a pleading is a drastic remedy and should be used sparingly. *See Krisa v. Equitable Life Assurance Soc'y*, 109 F. Supp. 2d 316, 319 (M.D. Pa. 2000). "Motions to strike are decided on the pleadings alone, and should not be granted unless the relevant insufficiency is 'clearly apparent.'" *Thomas v. Keystone Real Estate Grp.*, No. 14-cv-00543, 2015 WL 1471273, at *6 (M.D. Pa. Mar. 31, 2015) (quoting *Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir. 1986)). Therefore, as a general rule, motions to strike are disfavored, and "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some significant form of prejudice to one of the parties to the action." *See Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566, 572 (M.D. Pa. 2015) (citations omitted); *Powell v. Wetzel*, No. 12-cv-02455, 2014 WL 2472048, at *4 (M.D. Pa. Feb. 25, 2014) (citations omitted); *Trivedi v. Slawecki*, No. 11-cv-02390, 2013 WL 1767593, at *2 (M.D. Pa. Apr. 24, 2013) (citations omitted).

III.  Discussion

　　A.  Fed. R. Civ. P. 12(b)(5) and 12(b)(6)

Danielle contends that State Farm's delays in an attempting service and ineffective service have prejudiced her defense. In particular, Danielle argues that service upon the "concierge" at the New York address was not effective service.  Further, Danielle asserts that State Farm has not met its burden to show that she is or was domiciled at the New York address at the time of service.  Danielle also maintains that, because she has not been properly served, the statute of limitations otherwise bars the claims stated in State Farms' Second Amended Complaint.  Finally, Danielle asserts that State Farm has not demonstrated "good cause," sufficient to permit an enlargement of time for service.

State Farm argues that it has shown good cause in any delay, and that it has sufficiently demonstrated that it made effective service upon Danielle.  State Farm maintains that it effectuated service of initial process on Danielle on June 3, 2024, by delivering a copy of the Summons in Civil Action and Amended Complaint to the concierge at 480 Park Avenue in New York, New York, at Danielle's purported residence.  State Farm contends that, under Pa.R.C.P. 402, the concierge is "a clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which" Danielle resides. Pa.R.C.P. No. 402.

　　1.  Sufficiency of Service

In his Affidavit of Service, State Farm's Process Server, Michael Gorman, asserted that direct access to Danielle's purported address, 480 Park Avenue, New York, New York Apartment 5B, was not granted.  Accordingly, Mr. Gorman reported that he left a copy of the Summons and Amended Complaint with the concierge at that building.  The concierge was a

8

male, aged 60, named "Loten," who refused to give his last name. Mr. Gorman's Affidavit states that Loten confirmed that he was "authorized to accept" service.

Federal Rule of Civil Procedure 4(e)(1) states as follows:

**(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

**(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

**(2)** doing any of the following:

**(A)** delivering a copy of the summons and of the complaint to the individual personally;

**(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

**(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

While State Farm cites to Pennsylvania service rules, Fed. R. Civ. P. 4(e) directs the Court to analyze the purported service at the New York residence under New York service rules.

Under New York Civil Practice Law and Rules § 308(2), a plaintiff may serve a defendant by delivering a summons and complaint to a person of suitable age and discretion at the actual place of business, actual dwelling place, or usual place of abode of the person to be served and by mailing a copy to the defendant within 20 days thereafter. While under federal law the person on whom process is served must reside at the defendant's residence, New York law does not require that the person, on whom process is served, reside with the defendant—the person on whom process is served must merely be at the residence and of suitable age and discretion. *See* N.Y.C.P.L.R. § 308(2).

9

State Farm has the burden to demonstrate the validity of service upon Danielle. *See Martin, supra.* State Farm "must do so by a preponderance of the evidence using affidavits, depositions, and oral testimony." *Jackson v. Davis*, No. 13–CV–1717, 2014 WL 3420462, at *8 (W.D.Pa. July 14, 2014) (citations omitted). Under New York law, a process server's affidavit of service constitutes prima facie evidence of proper service. *See, e.g., Remington Investments, Inc. v. Seiden,* 240 A.D.2d 647, 658 N.Y.S.2d 696 (N.Y.App.Div.1997) ("The affidavits of the process server constitute prima facie evidence of proper service pursuant to CPLR 308(2)."). "It is well-established that an apartment building's concierge can satisfy the person 'of suitable age and discretion' requirement." *Rana v. Islam*, 305 F.R.D. 53, 63 (S.D.N.Y. 2015). While this constitutes prima facie evidence of proper service, Danielle raises an issue of fact by contending that the apartment building was not her "dwelling or usual place of abode" on that date. *See CSC Holdings, Inc. v. Fung,* 349 F.Supp.2d 613, 618 (E.D.N.Y.2004). Courts have identified factors germane to domicile such as keeping belongings kept at the address, receiving mail at the address, owning the property, and frequently using the property. *F.D.I.C. v. Scotto,* No. 97–CV–1631, 1998 WL 357324, at *3 (S.D.N.Y. June 29, 1998); *Jaffe & Asher v. Van Brunt,* 158 F.R.D. 278 (S.D.N.Y.1994).

Here, State Farm has met a prima facie burden through the Affidavit of Service. The acceptance of service by the concierge raises the presumption that the New York address was Danielle's dwelling place or usual place of abode at the time of service. At this stage, the parties have offered no other evidence, i.e., "affidavits, depositions, and oral testimony" to support or rebut that fact. Instead, both briefings raise unsworn factual contentions that this Court cannot consider to assess whether Danielle was served or whether State Farm's prima facie burden can be rebutted. The Court is left with only the Affidavit of Service, which it will consider as good

service unless and until Danielle submits competent and contrary evidence, whereupon State Farm will be afforded an opportunity to rebut.

Accordingly, Danielle's Motion to Dismiss, as regards the sufficiency of service at 480 Park Avenue, will be denied, without prejudice.

2. Timeliness of Service

The parties dispute whether good cause existed for an extension of service beyond the time permitted under Fed. R. Civ. P. 4(m).  In particular, Danielle maintains that, without good service, the statute of limitations would bar State Farm's claims against her.  The Third Circuit recognizes two bases for an extension of the service period:  mandatory and discretionary.

A mandatory extension is necessary where the plaintiffs have established good cause for their failure to serve. The Third Circuit has established three factors to consider in determining whether the plaintiff has established good cause for a mandatory extension. These factors are: (1) whether the plaintiff made a reasonable effort to serve the defendant; (2) whether the plaintiff moved for an enlargement of time to serve (arguably before the expiration of the service period); and (3) whether the defendant is prejudiced by the lack of timely service. *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995), *cert. denied*, 519 U.S. 815, 117 (1996); *see also McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir.1998) (holding plaintiff did not show good cause where plaintiff moved for extension of time after the time allotted for service had passed).

In applying this standard, the Third Circuit has equated "good cause" with the concept of "excusable neglect" of Federal Rule of Civil Procedure 6(b)(2). *MCI Telecomms. Corp.*, 71 F.3d at 1097 (citing *Petrucelli*, 46 F.3d at 1312 (Becker, J., concurring in part and dissenting in part)). This standard requires "a demonstration of good faith on the part of the party seeking an

enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Id.* Furthermore, "while the prejudice [inquiry] may tip the 'good cause' scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.* Lastly, "absence of prejudice alone can never constitute good cause to excuse late service." *Id.* (citing *United States v. Nuttall*, 122 F.R.D. 163, 166–67 (D.Del.1988)). "Otherwise, a time limit would be superfluous and meaningless." *United States ex rel. Thomas v. Siemens AG*, 708 F.Supp.2d 505, 521, 2010 WL 1688582, at *12 (E.D.Pa.2010).

Factors to consider in permitting a discretionary extension of time for service include (1) actual notice of the litigation, (2) prejudice to the defendant, (3) expiration of the statute of limitations on the causes of action, (4) the defendant's conduct, and (5) whether the plaintiff is proceeding pro se. See *Chiang*, 331 Fed. Appx. at 116 (citing Fed. R. Civ. P. 4(m) Notes of Advisory Committee on 1993 amendments; and *Boley*, 123 F.3d at 759).

Regarding the statute of limitations, the Advisory Committee's Note to Rule 4(m), state:

> Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments. The bar of the statute of limitations normally weighs heavily in favor of extending the time for service based on the Court's policy favoring cases being decided on the merits. *See* Fed. R. Civ. P. 1; *McCurdy*, 157 F.3d at 197.

Here, a mandatory extension for good cause would not be warranted. There was a lapse in efforts to serve Danielle within the appropriate period of time, which State Farm credits to a misunderstanding by counsel's assistant. While innocuous clerical mistakes may occur, it does not excuse counsel's duty to follow the Rules of Civil Procedure and to ensure his staff is

adequately supervised upon the same. Such efforts and lapse in time cannot be considered reasonable for purposes of mandatory extension. Further, as of the date when this Court issued its Show Cause Order, regarding absence of service upon Danielle (ECF No. 25), State Farm had not requested any service extensions. These factors weigh against mandatory extension of the service period.

Turning to a discretionary extension for good cause, these factors weigh more heavily towards excusing the time delays in effectuating service. First, if this case were refiled, State Farm's claims against Danielle would be barred by the statute of limitations. Thus, this factor weighs in favor of a discretionary extension. Second, there exists a least a question as to actual notice to Danielle. The record suggests, because of familial connections and service history, that Danielle would have received actual notice of this lawsuit before State Farm's service attempts at the New York address. As with the sufficiency issue above, this matter requires a further factual inquiry that cannot be resolved at this stage. The final pertinent factor is prejudice to Danielle. She maintains that lengthy delays have hindered her ability to have her counsel and chosen experts examine the tree at issue and the alleged property damage. The Court finds these arguments unavailing at this stage, because any property damage lawsuit in Pennsylvania can be filed up to two years following any incident, which filing could be long after damage, repairs, and/or remediation. *See* 42 Pa.C.S. § 5524. Danielle's preservation and inspection concerns are premature, and the Court is not in a position at this stage, to state as a matter of law, that the timing of this lawsuit and service have prejudiced her. And finally, because case law favors decisions on the merits, the Court cannot conclude at this stage, on the face of the pleadings alone, that State Farm's claims should be barred for timeliness of service and/or the statute of limitations. Therefore, a discretionary extension for good cause would be appropriate.

Accordingly, Danielle's Motion to Dismiss, as regards the timing of service, will be denied, without prejudice.

### B. Fed. R. Civ. P. 12(f)

Danielle moves to strike Paragraphs 12 through 20 of the Second Amended Complaint, plus Exhibits A and B, as being immaterial and confusing.  In particular, Danielle argues that the allegations and exhibits are unrelated to the tree at issue.   Further, she contends that the attached exhibits constitute pleading evidence, which is discouraged.  State Farm maintains that the subject averments and exhibits provide factual support to bolster its allegation that Danielle controlled the property and that said allegations are clear and distinct, and they do not create confusion. Motions to strike under Rule 12(f) are disfavored and should usually be denied "'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or ... confuse the issues.'" *Red Hawk Fire & Sec., LLC v. Siemens Indus. Inc.*, 449 F.Supp.3d 449, 459 (D.N.J. 2020).

For a defendant to be liable in this case, he or she must first be a "possessor" of land. In order for a party to be a "possessor" of land, he or she must fit one of the following descriptions: he or she must be in occupation of the land with the intent to control it, he or she must have been in occupation of the land with intent to control it if no other party has done so subsequently, or he or she is entitled to immediate occupation if neither of the other alternatives apply. *Blackman v. Fed. Realty Inv. Tr.*, 444 Pa.Super. 411, 416, 664 A.2d 139, 142 (1995) (citing Restatement (Second) of Torts § 328E (1965)).  The allegations and exhibits at issue in the defense motion relate to the analysis and determination of control. In this case, a pertinent inquiry will be the degree, if any, of Danielle's control over the property.  At this stage, Danielle's arguments are

premature until further development of the case.  The materiality or relevance of the averments and exhibits will be best considered once the case record is developed.

Accordingly, Danielle's Motion to Strike will be denied, without prejudice.

Based upon the foregoing, the Court enters the following order:

## ORDER

Following consideration of State Farm's Second Amended Complaint (ECF No. 37), Danielle's Motion to Dismiss (ECF No. 40), the respective briefs (ECF Nos. 41, 44, and 45), and for the reasons stated in this Court's Opinion, Danielle's Motion to Dismiss and Motion to Strike are denied.

Danielle Katz is directed to file an Answer on or before October 22, 2024.

Dated:  October 8, 2024

BY THE COURT:

MARILYN J. HORAN
United States District Judge